a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| REGINALD NEWMAN #111774, <br> Plaintiff | CIVIL DOCKET NO. 1:23-CV-01753 <br> SEC P |
| VERSUS | JUDGE EDWARDS |
| DEPT OF CORRECTION, <br> Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (ECF No. 11) filed by pro se Plaintiff Reginald Newman ("Newman"). Newman is incarcerated at the West Feliciana Parish Detention Center in St. Francisville, Louisiana. He seeks monetary relief and a release from custody because he was attacked by another inmate while incarcerated in Avoyelles Parish.

Because Newman fails to state a viable constitutional claim, the Complaint should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Newman alleges that he was stabbed by another inmate while watching television. ECF Nos. 1, 11. The only named Defendant is the Department of Corrections ("DOC"). *Id.*

Newman was afforded an opportunity to amend his Complaint to provide additional facts to support his claim. ECF No. 14. The Order was initially returned

as undeliverable, but it was resent to Newman at his updated address on August 8, 2024.  ECF No. 15, 16.  Newman did not submit an Amended Complaint.

II.  Law and Analysis

   A.  Newman's Complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.

As a prisoner proceeding *in forma pauperis* who is seeking redress from an officer or employee of a governmental entity, Newman's Complaint is subject to preliminary screening under § 1915A and § 1915(e)(2).  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Both sections provide for sua sponte dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(b); 1915A.

   B.  Newman cannot obtain release under § 1983.

Newman may not obtain release from custody through a § 1983 suit.  The fact or duration of confinement must be challenged through a petition for writ of habeas corpus.  *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) (claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of the United States Code); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (when an inmate challenges the fact or duration of his confinement and the relief he seeks is immediate or speedier release, his sole federal remedy is a writ of habeas corpus); *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983).  And a prisoner

must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. §§ 2241, 2254. Therefore, Newman's request for release is meritless.

### C. The DOC is immune from suit.

The DOC is the only named Defendant. However, Newman's claim against the DOC is barred by the Eleventh Amendment. *See Williams v. Henagan*, 595 F.3d 610, 618 (5th Cir. 2010) (noting that former inmate's claims against state entities—the DOC and Phelps Correctional Center—and state employees in their official capacities were barred by the Eleventh Amendment).

## III. Conclusion

Because Newman fails to state a viable constitutional claim, IT IS RECOMMENDED that the Complaint (ECF No. 11) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915A and 1915(e)(2)(b).

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, February 27, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

4